UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

DAVID M. LEVINE, not individually
but solely in his capacity as Receiver
for Viatical Capital, Inc., Viatical Marketing,
Inc. and Premiere Investment Capital,
Inc.,

       Plaintiff,

v.                                                      Case No.  8:04-cv-1164-T-24 EAJ

WALTER SHACKLETT, ET AL.,

       Defendants.
_____/

**ORDER**

       This cause comes before the Court on Plaintiff's Motion for Summary Judgment Against Defendants Lindbom, Garwell, Richardson, and Gauntt.  (Doc. No. 148).  Defendants Lindbom and Garwell have filed responses in opposition.  (Doc. No. 164, 165).

**I.  Standard of Review**

       Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  The moving party bears the initial burden of showing the Court, by reference to materials on file, that there are no genuine issues of material fact that should be decided at trial.  See Celotex Corp. v. Catrett, 477 U.S. 317 (1986).  A moving party discharges its burden on a motion for summary judgment by "showing" or "pointing out" to the Court that there is an absence of evidence to support the non-moving party's case.  Id. at 325.  When a moving party has discharged its burden, the non-moving party must then "go beyond the pleadings," and by its own affidavits, or by "depositions,

answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial.  Id. at 324.

In determining whether the moving party has met its burden of establishing that there is no genuine issue as to any material fact and that it is entitled to judgment as a matter of law, the Court must draw inferences from the evidence in the light most favorable to the non-movant and resolve all reasonable doubts in that party's favor.  See Samples on behalf of Samples v. City of Atlanta, 846 F.2d 1328, 1330 (11th Cir. 1988).  Thus, if a reasonable fact finder evaluating the evidence could draw more than one inference from the facts, and if that inference introduces a genuine issue of material fact, then the court should not grant the summary judgment motion.  See Augusta Iron & Steel Works v. Employers Ins. of Wausau, 835 F.2d 855, 856 (11th Cir. 1988).

**II.  Motion for Summary Judgment**

Plaintiff filed his complaint as Court-appointed Receiver for Viatical Capital, Inc., Viatical Marketing, Inc., Investment Capital Marketing, Inc., and Premiere Investment Capital, Inc. (collectively referred to as "VCI").  Plaintiff filed suit to recover alleged fraudulent transfers and to obtain money judgments for unjust enrichment against Defendants.

According to Plaintiff, Defendants Lindbom, Garwell, Richardson, and Gauntt were VCI brokers who helped lure investors into VCI's Ponzi scheme, in exchange for which they received fraudulent transfers in the form of commissions from VCI that were derived from the investors' proceeds.  Plaintiff moves for summary judgment on the fraudulent transfer counts, arguing that (1) it is undisputed that VCI was a Ponzi scheme, and as such, the commissions paid to Defendants were done with the intent to hinder, delay, or defraud investors; and (2) Defendants

cannot succeed on a good faith and fair value affirmative defense.

Upon review of the motion, responses, and evidence submitted, the Court finds that there are genuine issues of material fact that preclude summary judgment. Accordingly, it is ORDERED AND ADJUDGED that Plaintiff's Motion for Summary Judgment Against Defendants Lindbom, Garwell, Richardson, and Gauntt (Doc. No. 148) is **DENIED**.

**DONE AND ORDERED** at Tampa, Florida, this 8th day of September, 2005.

SUSAN C. BUCKLEW
United States District Judge

Copies to:
Counsel of Record
Pro Se Defendants